# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEONARDO DE PINTO, | |
| Plaintiff, | Civil Action No.: 10-1599 (FLW) |
| v. | **Order** |
| HARBOUR CONTRACTORS, INC., | |
| Defendant. | |

This matter having been opened to the Court by Stephen Andrew Venzie, Esq., counsel for Defendant Harbour Contractors, Inc., by way of motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12 and 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404; it appearing that Plaintiff Leonardo De Pinto, through his counsel, Michael F. McKenna, Esq., submitted opposition thereto, and that Defendant submitted a reply; it further appearing that Defendant also moved to strike portions of Plaintiff's affidavit submitted in connection with his opposition; it appearing that the Court held oral argument on this day, July 29, 2010; it further appearing that, the Court having held in its oral decision that it does not possess personal jurisdiction over Defendant, may transfer this suit under 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); it further appearing that the parties agreed on the record that the Northern District of Illinois is the most appropriate venue for transfer; and for the reasons stated on the record and good cause shown:

IT IS on this 29th day of July, 2010,

ORDERED that Defendant's motion to strike is DENIED; and it is further

ORDERED that, the Court having found that there is no personal jurisdiction over Defendant, GRANTS the motion to transfer, rather than the motion to dismiss, the Complaint; and it is further

ORDERED that this matter is hereby transferred to the Northern District of Illinois; and it is further

ORDERED that this case is CLOSED.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.